Dear Mr. Coenen:
You have requested the opinion of this office as to whether the Richland Parish Hospital, a public entity, may become a corporate sponsor of Delhi High School's track refurbishment project. According to your correspondence, the track serves not only the needs of the community's school athletic programs, but also provides a safe recreational area for Delhi's residents. It is our understanding that the Hospital has been asked to contribute $5,000, which will entitle the Hospital to have its logo placed on the track surface, a sign at the entrance of the stadium, and other promotional benefits.
Implicitly, this office must examine your request in light of La. Const. (1974) Art. VII, Sec. 14(A), which provides, in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
In City of Port Allen v. Louisiana Municipal Risk Management Agency, 439 So.2d 399 (La. 1983), the Supreme Court ruled that this provision is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so", and that political subdivisions "may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'".
We also call your attention to the decision rendered in James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), which determined that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a contribution of public funds. That decision, which interpreted La. Const. (1921) Art. IV, Sec. 12, the forerunner to, and a provision almost identical to the present Art. VII, Sec. 14, states:
 These specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public fisc by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important government functions."
In accordance with the above discussed legal authority, it is the opinion of this office that entities such as the Richland Parish Hospital cannot contribute to community projects merely because such projects benefit the community and serve the public good.
Of course, the Hospital may be considering this sponsorship for reasons other than the community purposes to be served thereby. We note that R.S 46:1075 authorizes hospital service commissions and health facilities owned or operated by such commissions to "advertise in any medium including, but not limited to a newspaper, book, pamphlet, billboard, periodical, or radio and television station."
If the Hospital has determined that it will receive advertising valued in excess of, or equal to, the amount it will contribute for sponsorship of school track refurbishment project, then such sponsorship would be authorized in accordance with R.S. 46:1075
and would not be prohibited by Art. VII, Sec. 14. If such is the case, the contribution would not, in our opinion, properly be considered a "donation". Conversely, if the advertising is worth less than $5,000, the Hospital will be making a prohibited donation of the amount contributed in excess of the value of the advertising.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0355n